DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KENNETH LAVON HOLMES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-1288

[January 7, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael J. Linn, Judge; L.T. Case Nos. 562020CF003120A, 562020CF003224A, and 562021CF002602A.

Daniel Eisinger, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Zi Jin Peter Chan, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant was convicted of five felony offenses arising from three different cases. At the May 15, 2024 sentencing hearing, the trial court designated the defendant as a habitual felony offender ("HFO") and sentenced him accordingly. Without obtaining the defendant's consent or holding an evidentiary hearing, the trial court also ordered the defendant to pay $200 for prosecution costs and $25 for investigation costs.

The defendant argues the trial court erred in two respects: (1) imposing prosecution and investigation costs; and (2) designating and sentencing the defendant as an HFO, because Florida's habitual offender statute— section 775.084(1)(a), Florida Statutes (2020)—is unconstitutional under *Erlinger v. United States*, 602 U.S. 821 (2024).

The State concedes error as to the trial court's imposition of the $200 prosecution cost and $25 investigative cost in the absence of the defendant's agreement or the State's request for those amounts.

Accordingly, we reverse the imposition of the $25 investigative cost and $200 prosecution cost, and remand for entry of only the statutory-minimum $100 prosecution cost. *See Elliot v. State*, 344 So. 3d 41, 42 (Fla. 4th DCA 2022); *Sikich v. State*, 337 So. 3d 811, 812 (Fla. 4th DCA 2022).

The defendant's challenge to his sentence under the habitual offender statute fails. While the circuit court erred in not submitting the HFO factors to the jury, the error was harmless beyond a reasonable doubt. *See Jackson v. State*, 410 So. 3d 4, 11 (Fla. 4th DCA 2025). The State introduced unrebutted evidence of the defendant's qualifying convictions—none of which involved a violation of section 893.13, Florida Statutes (2020)—and when defendant was released from prison. Further evidence established that the defendant had not been pardoned, nor had any of his convictions been set aside. Also, the defendant did not object to the application of the HFO enhancement at sentencing. Accordingly, the record demonstrates beyond a reasonable doubt that a rational jury would have found the defendant qualified as an HFO. *See id.* (citing *Galindez v. State*, 955 So. 2d 517, 523 (Fla. 2007)). We affirm the circuit court on this issue.

*Affirmed in part, reversed in part, and remanded with instructions.*

KUNTZ, C.J., CIKLIN and SHAW, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**

2